IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS HENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 5617 |
| | ) |
| CITY OF DES PLAINES, et al. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Des Plaines' (City) motion to dismiss. For the reasons stated below, the motion to dismiss is granted in its entirety.

# BACKGROUND

Plaintiff Thomas Henry (Henry) alleges that during the evening on June 24, 2013, he was watching a Chicago Blackhawks game on television at his residence (Residence). Henry contends that during that evening he spoke on the telephone (Call) to a police officer working for the City. Henry does not explain in his complaint how he ended up speaking on the phone to the police officer or what facts led up to the Call. According to Henry, he made clear during the Call that he did not

1

need any assistance from the police and that he was fine. During or immediately after the Call, police officers working for the City (Officers) allegedly entered the Residence and approached Henry. Henry for some unexplained reason allegedly fled from the Residence. The Officers then allegedly chased Henry outside the Residence and allegedly used excessive force in subduing him. Henry includes in his complaint claims brought against unknown officers pursuant to 42 U.S.C. § 1983 (Section 1983) alleging the use of excessive force (Count I), Section 1983 failure-to-intervene claims brought against unknown officers (Count II), and an indemnification claim brought against the City. The City now moves to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief."

*Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

The City argues that the excessive force claims and the failure-to-intervene claims brought against unknown officers (Unknown Officers) are untimely, and that in the absence of such claims against the Unknown Officers, the claim brought against the City must be dismissed.

I.  Claims Brought Against Unknown Officers

The City contends that Henry failed to bring the claims against the Unknown Officers within the statute of limitations period and that such claims should be dismissed.

    A.  Consideration of Defense

Although a statute of limitations issue is not ordinarily addressed based upon the allegations in the complaint, when the complaint offers the necessary information that shows that a claim is untimely, the court can consider that defense at that juncture.  *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)(stating that a court can address a statute of limitations defense if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations").  Henry has pled the pertinent facts relating to the statute of limitations

3

and has not argued that it is premature at this juncture to consider the statute of limitations defense. Henry has instead conceded that the limitations period has expired and argued that his claim should relate back to an earlier filing.

### B. Timeliness of Claims

The City contends that Henry did not name the Unknown Officers within the required period. The statute of limitations period for Section 1983 claims brought in Illinois is two years. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)(stating that "Section 1983 does not contain an express statute of limitations, so federal courts adopt the forum state's statute of limitations for personal injury claims" and that "[i]n Illinois, the limitations period for § 1983 cases is two years"). Henry claims that the alleged constitutional violations occurred on June 24, 2013. The record reflects that Henry did not bring the instant action until June 24, 2015, and in his complaint he failed to name any specific police officers. Thus, the addition of any named officers as defendants at this juncture would be untimely.

### C. Amended Complaint

Henry argues that he should be allowed to amend his complaint and that his amendment should relate back to the filing of his original complaint. Federal Rule of Civil Procedure 15(c) (Rule 15(c)) provides in part the following:

(c) Relation Back of Amendments. (1) When an Amendment Relates Back. An

> amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*.

Fed. R. Civ. P. 15(c)(1)(emphasis added). The City contends that the requirements for Rule 15(c)(1)(C)(ii) are not met. In order to satisfy the requirement of Rule 15(c)(1)(C)(ii), Henry must show that he failed to name the proper party due to a mistake. However, Henry fails to offer any legitimate explanation as to why he made a mistake or as to why he waited so long to attempt to discover the names of the Unknown Officers. Henry also argues that there is certain non-controlling precedent that supports a liberal interpretation of what would constitute a mistake under Rule 15(c). (Resp. 2). The Seventh Circuit has addressed situations such as the instant action where a plaintiff has failed to name a law enforcement officer in a timely fashion and has held that Rule 15(c) "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . there is a lack of knowledge of the proper party." *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *see also King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000)(stating that a plaintiff's "simple lack

5

of knowledge" is not adequate to satisfy the mistake requirement).

Henry also argues that even if he did not make a mistake, the Unknown Officers have been aware of potential claims against them and that there has not been a showing by them of prejudice by the untimely amendment. Rule 15(c) clearly indicates that while a court must consider prejudice and notice, the plaintiff must also meet the mistake requirement set forth in Rule 15(c)(1)(C)(ii). Fed. R. Civ. P. 15(c); *see also Wood*, 618 F.2d at 1230 (stating that "in the absence of a mistake in the identification of the proper party, it is irrelevant . . . whether or not the purported substitute party knew or should have known that the action would have been brought against him"). Therefore, any proposed amendment to the complaint at this juncture to add the names of the Unknown Officers would not relate back to the original complaint and would be untimely.

### D. Broad Interpretation of Limitations

Henry argues that the court should adopt a liberal reading of the statute of limitations in this case. He contends that to enforce the statute of limitations in this case would be simply a "dogmatic adherence to procedural technicalities." (Opp. 3). Henry also argues that there is some precedent that authorizes a district court to exercise certain procedural authority beyond the explicit language in the Federal Rules of Civil Procedure. The Supreme Court has "emphasized the importance of the policies underlying state statutes of limitations" and stated that "[s]tatutes of limitations are not simply technicalities." *Bd. of Regents of Univ. of State of N. Y. v.*

6

*Tomanio*, 446 U.S. 478, 487 (1980)(explaining that "[o]n the contrary, they have long been respected as fundamental to a well-ordered judicial system"). The Seventh Circuit has also made clear that "statutes of limitations are not technicalities but serve important social purposes." *Kennedy v. Chem. Waste Mgmt., Inc.*, 79 F.3d 49, 52 (7th Cir. 1996). Additionally, the Seventh Circuit has upheld the enforcement of such periods in cases such as this where a plaintiff failed to name a law enforcement officer in a timely fashion. *See, e.g., Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)(affirming dismissal in case where the plaintiff "did not make a mistake concerning" the officer's "identity when he filed his original complaint," but instead "simply did not know the identity of the police officer who" engaged in the alleged improper conduct); *Wood*, 618 F.2d at 1230 (concluding that amendment should not be allowed to name specific officer in place of the Doe defendant after the statute of limitations period expired). The record reflects that Henry slept on his rights and failed to act in a timely fashion despite having ample time to find the names of the Unknown Officers.

In *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993), similar to the instant action, the plaintiff "did not decide to file suit until one or two days before the statute of limitations had expired." 1256-57. As in the instant action, at the time of filing the complaint, "neither [the plaintiff] nor his counsel knew the names of the two police officers who allegedly committed the offense," and "the complaint was filed against "unknown police officers." *Id.* The Seventh Circuit held that the plaintiff's failure to name the police officers within the statute of limitations period did not

7

constitute a mistake under Rule 15(c)(1)(C)(ii). *Id.* Likewise, in the instant action, Henry's delay in brining the instant action and in seeking the names of the Unknown Officers cannot be attributed to any mistake that would cause an amendment to relate back to the original complaint. The fault lays squarely on Henry's shoulders and there is no unfairness in enforcing the statute of limitations in this instance.

### E. Tolling Doctrines

Under certain circumstances claims filed outside the statute of limitations period may still proceed based on the equitable tolling doctrines. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990)(explaining the tolling doctrines). In this case, there has been no showing by Henry that the equitable tolling doctrines apply. There has been no showing that the City tricked or coerced Henry, causing this case to be filed later. The record clearly shows that Henry failed to diligently pursue his claims in a timely fashion and there is nothing inequitable in dismissing the claims brought against the Unknown Officers.

## II. Claim Brought Against the City

The City argues that if the claims brought against the Unknown Officers are dismissed, the indemnification claim brought against the City cannot stand alone and must be dismissed. The complaint reflects that Henry has sued the Unknown Officers in their individual capacities. Since there are no claims remaining against them, there is no potential indemnification obligations for the City. Henry argues

that even without the Unknown Officers as Defendants in this case, a jury could find their actions to be unconstitutional and "implicat[e] Defendant City of Des Plaines [sic] indemnification." (Resp. 3). However, Henry cannot bring a Section 1983 claim against the City based on the doctrine of *respondeat superior*. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014)(stating that a municipality cannot be liable under Section 1983 for constitutional torts under the doctrine of *respondeat superior*). Although a plaintiff can bring a Section 1983 claim against a municipal entity based on a policy or practice, *see Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002)(explaining a *Monell* claim), Henry has not pursued a *Monell* claim in this action. Therefore, the indemnification claim brought against the City is dismissed.

## CONCLUSION

Based on the foregoing analysis, the City's motion to dismiss is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 21, 2015